Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA  92101
Telephone: (619) 232-1717
Facsimile: (619) 232-5325
1sgrecordon@gmail.com

Clinton Rooney (SBN 221628)
**Law Offices of Clinton Rooney**
225 Broadway, Ste. 1900
San Diego, CA 92101
Telephone: (619) 234-0212
Facsimile: (619) 232-1382
Email: rooneycdi@gmail.com

Attorneys for Plaintiff Rocio De Alba

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rocio De Alba,<br><br>                    Plaintiff,<br><br>vs.<br><br>Velocity Investments, LLC and Mandarich Law Firm, LLP,<br><br>                    Defendants. | Case No. 21-cv-00547-AJB-WVG<br><br>**Plaintiff Rocio De Alba's First Amended Complaint for Violations of the Fair Debt Collection Practices Act and the Rosenthal Act** |

/ / /

/ / /

/ / /

Plaintiff Rocio De Alba's First Amended Complaint                    21-cv-00547-AJB-WVG

## I.      Introduction

1.      Plaintiff Rocio De Alba, ("De Alba" or "Plaintiff"), through her counsel, brings this action to challenge the acts of Defendants Velocity Investments, LLC ("Velocity") and Mandarich Law Group, LLP ("Mandarich") (collectively, "Defendants") regarding violations of the Fair Debt Collection Practices Act ("FDCPA"), and the California Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act").

2.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4.      Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

5.      Each named Defendant is an agent of the other Defendants, and each Defendant is jointly and severally liable for the acts of the other Defendants.

## II.     Jurisdiction

6.      Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §1692k(d) and 28 U.S.C. §1367 for supplemental state claims.

7.      This action arises out of violations by Mandarich of the FDCPA (15 USC 1692 *et seq*, and by Mandarich and Velocity of the Rosenthal Act (Cal. Civ. Code §1788, *et seq)*.

8**.**     As Defendants engage in business in the state of California, committed the acts that form the basis for this suit in the state of California, and filed this action in this jurisdiction, the Court has personal jurisdiction over Defendants for purposes of this action.

9.      Venue is proper as some or all of the acts at issue herein occurred in the County of San Diego.

/ / /

### III.    Parties

*Plaintiff*

10.    Plaintiff is a natural person residing in California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that she is a natural person purportedly obligated to pay a consumer debt.

11.    This action is related to an obligation or alleged obligation of a consumer to pay money, and this alleged obligation was incurred for personal, family or household purposes.

12.    Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing, and thus she is a "debtor" as that term is defined by California Civil Code §1788.2(h) and incorporated into California Civil Code §1788.50(c).

13.    This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and incorporated into California Civil Code §1788.50(c).

*Mandarich*

14.    Plaintiff is informed and believes that Defendant Mandarich is and was at all relevant times a California limited liability partnership, or "LLP" and a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6).

15.    Defendant Mandarich, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

Plaintiff Rocio De Alba's First Amended Complaint                    21-cv-00547-AJB-WVG

*Velocity*

16.     Plaintiff is informed and believes that Defendant Velocity is and was at all relevant times a New Jersey limited liability company, or "LLC" engaged in the business of purchasing and collecting charged-off consumer debts with its principal place of business located at 1800 Route 34 North, Building 3, Suite 303 in Wall, New Jersey.

17.     Defendant Velocity, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

**IV.     Facts Common to all Claims for Relief**

18.     On October 13, 2020, Velocity filed a complaint ("Collection Complaint"), in the Superior Court of California for the County of San Diego against Plaintiff, in the matter of *Velocity Investments, LLC v. Rocio De Alba*, *et al*, case number 37-2020-00036433-CL-CL-CTL ("Collection Action"), a copy of which was later served on Plaintiff.

*Retainer of Counsel and Filing of Answer*

19.     On December 7, 2020, Ms. De Alba's counsel, Recordon & Recordon APC, filed an answer in this matter on Ms. De Alba's behalf.

*Communication with a represented party and false statements*

20.     On or around March 2, 2021, Mandarich Law Group, LLP ("Mandarich"), counsel for Velocity Investments, LLC, sent a letter, bearing the date of February 25, 2021, directly to Ms. De Alba, in which Mandarich stated in bolded text that "**THIS OFFICE HAS REQUESTED JUDGMENT BE ENTERED AGAINST YOU.**"

21.     This letter also stated that "You were served with the lawsuit and failed to respond."

22.     This letter had attached to it a Request for Entry of Default and Judgment in this matter.

/ / /

Plaintiff Rocio De Alba's First Amended Complaint                    21-cv-00547-AJB-WVG

23.     As it turns out, as of the date of the letter, Mandarich had not actually requested that a default or a default judgment be entered against Ms. De Alba.

24.     Additionally, Ms. De Alba filed her answer in this matter nearly three months prior to the date of this letter, and additionally was represented by counsel.

25.     Mandarich apparently did not bother to check to see what Ms. De Alba, or Mandarich themselves, had actually filed in this matter, but simply attempted to collect money.

***Improper filing of a Request for Entry of Default and Judgment***

26.     On or about March 5, 2021, Mandarich filed a Request for Entry of Default and Judgment on this action, nearly three months after Ms. De Alba filed her Answer in this matter.

***Attempt to collect money directly from a represented party***

27.     Ms. De Alba opened Mandarich's letter on March 19, 2021.

28.     Ms. De Alba, who is not an attorney, panicked and called the number listed on the letter.

29.     Ms. De Alba spoke to an employee or agent of Mandarich.

30.     This Mandarich employee or agent should have clarified that as Ms. De Alba had answered this lawsuit, she was actually not only not in default, but was not even in any danger of a default.

31.     Instead, this employee or agent of Mandarich chose to take advantage of Ms. De Alba's panicked state and mistaken belief that she had been defaulted and took Ms. De Alba's bank account information to arrange for payments to Mandarich.

32.     Mandarich should never have contacted a represented party, should never have filed a Request for Entry of Default and Judgment on a case where an answer was on file, and certainly should not have taken advantage of the confusion they caused by making false statements to extract bank account information from Ms. De Alba.

/ / /

/ / /

Plaintiff Rocio De Alba's First Amended Complaint                    21-cv-00547-AJB-WVG

## VI.  Allegations Specific to Certain Claims for Relief

### FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA by Mandarich)

33.    Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

34.    Defendant Mandarich violated the FDCPA. Defendant's violations include, but are not limited to the following:

a.    15 U.S.C. §1692c(a)(2) by communicating with a consumer, in connection with the collection of a debt or alleged debt, where Mandarich knew that the consumer was represented by an attorney and had knowledge of, or could readily ascertain, the name and address of that attorney;

b.    15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

c.    15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

d.    15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

e.    15 U.S.C. §1692e(5) by threatening to take action that cannot legally be taken, or was not intended to be taken;

f.    15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt; and

g.    15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt.

35.    Plaintiff is entitled to actual damages sustained as a result of Defendant Mandarich's conduct, in an amount according to proof; to statutory damages of $1,000 each; to costs of the action; and to reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k.*

/ / /

## SECOND CLAIM FOR RELIEF

### (Violations of the Rosenthal Act by all Named Defendants)

36.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

37.     Defendants violated Cal. Civ. Code §1788.17, which incorporates several of the provisions of the Fair Debt Collection Practices Act ("FDCPA"), including, but not limited to, the following:

a.     15 U.S.C. §1692c(a)(2) by communicating with a consumer, in connection with the collection of a debt or alleged debt, where Velocity's agent Mandarich knew that the consumer was represented by an attorney and had knowledge of, or could readily ascertain, the name and address of that attorney;

b.     15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

c.     15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

d.     15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

e.     15 U.S.C. §1692e(5) by threatening to take action that cannot legally be taken, or was not intended to be taken;

f.     15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt; and

g.     15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt.

38.     Defendants' violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

/ / /

/ / /

/ / /

Plaintiff Rocio De Alba's First Amended Complaint                    21-cv-00547-AJB-WVG

39.     As a proximate result of the violations of the Rosenthal Act committed by Defendants, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c).

## PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against all named Defendant, and prays for the following relief:

***FDCPA***

1.     An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Mandarich and for the Plaintiff;

2.     An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Mandarich and for the Plaintiff;

3.     An award of costs of litigation and reasonable attorney's fees against Mandarich and for the Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

***Rosenthal Act***

4.     An award of actual damages pursuant to California Civil Code § 1788.30(a) against all named Defendants and for Plaintiff;

5.     An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against all named Defendants and for Plaintiff;

6.     An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against all named Defendants; and

7.     Such other and further relief this court may deem just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiff Rocio De Alba's First Amended Complaint                    21-cv-00547-AJB-WVG

1

**JURY DEMAND**

2

      1.      Plaintiff demands a trial by jury.

3

4

Respectfully submitted,

5

6

7

8

Date: June 15, 2021

/s/ Stephen G. Recordon

STEPHEN G. RECORDON

9

Attorney for Plaintiff Rocio De Alba

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Rocio De Alba's First Amended Complaint                    21-cv-00547-AJB-WVG