UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCIO DE ALBA,<br><br>         Plaintiff,<br><br>v.<br><br>VELOCITY INVESTMENTS, LLC; and MANDARICH LAW GROUP, LLP,<br><br>         Defendants. | Case No.: 21-CV-547-AJB-WVG<br><br>**ORDER ON DISCOVERY DISPUTES** |

## I. INTRODUCTION

Pending before the Court are Rocio De Alba's ("Plaintiff") Motion to Compel Defendants' Discovery Responses and Velocity Investments, LLC ("Velocity") and Mandarich Law Group, LLP's ("Mandarich") (collectively, "Defendants") Motion to Compel Deposition Testimony. (Doc. Nos. 22, 23.) The Court has reviewed the entirety of Plaintiff and Defendant's (collectively, "Parties") moving papers and supporting exhibits. Having done so, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion and OVERRULES Defendants' objections to Requests for Admission ("RFAs") Nos. 1 and 2 and Requests for Production of Documents ("RFP") No. 6 and SUSTAINS Defendants' objections to RFAs Nos. 3 and 4. Further, the Court DENIES Defendant's Motion in its entirety. The Court explains its rulings below.

## II.    PROCEDURAL HISTORY

This is an action arising under the Fair Debt Collection Practices Act ("FDCPA") and California's equivalent statute, the Rosenthal Act. (Doc. No. 5.) Plaintiff brings two claims against Defendants for violations of (1) the FDCPA pursuant to 15 U.S.C. section 1692; and (2) the Rosenthal Act pursuant to California Civil Code section 1788.17. (*Id*.) The instant action relates to an underlying collections suit Defendants brought against Plaintiff ("underlying action"). Although the underlying action has been resolved, Plaintiff contends Defendants' conduct during the underlying action gave rise to the instant action. Specifically, Plaintiff alleges that, in the underlying action, Defendants (1) falsely represented they already filed a motion for default judgment against Plaintiff after purporting they did not receive Plaintiff's answer to Defendants' complaint ("service issue"); and (2) eventually went through with filing a motion for entry of default judgment *after* Plaintiff filed an answer to Defendants' complaint. (*Id*.) Plaintiff's factual allegations regarding the service issue is the crux of the operative First Amended Complaint ("FAC") here. (*Id*.)

On July 11, 2022, this Court's Chambers convened a telephonic discovery conference pursuant to Civil Chambers Rule IV after the Parties alerted Chambers of the two discovery disputes. The Parties timely briefed their respective disputes. In her July 19, 2022 Motion to Compel ("Plaintiff's Motion"), Plaintiff requests an order from this Court compelling Defendants' responses to certain written discovery requests Plaintiff propounded. (Doc. No. 22.) In their July 19, 2022 Motion to Compel ("Defendants' Motion"), Defendants seeks an order from this Court compelling Plaintiff's counsel and his legal assistant to sit for deposition related to the service issue. (Doc. No. 23.) Each party opposes in entirety their opponent's discovery motion. (Doc. Nos. 24, 25.) The Parties' Motions are now ripe for this Court's adjudication.

/ / /

/ / /

/ / /

## III.   LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure applies here. Under Rule 26, a party may take discovery of "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance is the Court's threshold inquiry and turns on whether evidence (1) has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action. Fed. R. Evid. 401; *Finjan, LLC v. ESET, LLC*, 2021 WL 1541651, at *3 (S.D. Cal. Apr. 20, 2021). At all times, "District Courts have wide latitude in controlling discovery," including in determining relevancy for discovery purposes. *U.S. Fidelity and Guar. Co. v. Lee Investments, LLC*, 641 F.3d 1126, 1136 (9th Cir. 2011); *Facedouble, Inc. v. Face.com*, 2014 WL 585868, at *1 (S.D. Cal. Feb. 13, 2014).

Once the propounding party establishes relevance, the responding party bears the burden of substantiating its objections to show discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519. F.2d 418, 429 (9th Cir. 1975); *Cancino Castellar v. McAleenan*, 2020 WL 1332485, at *4 (S.D. Cal. Mar. 23, 2020) (quoting *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009) ("Once the propounding party establishes [relevance], the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'"). Specific to document requests, a request for production of documents may relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 34(a)(1). For each request for production, the opposing party's "response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B); *see also Ins. King Agency, Inc. v. Digital Media Sols.*, LLC, 2022 WL 2373357, at *2 (S.D. Cal. June 30, 2022) (emphasis added).

/ / /

/ / /

## IV.   PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiff seeks to compel Defendants' responses to Plaintiff's RFAs Nos. 1, 2, 3, and 4 as well as Defendants' response to Plaintiff's RFP No. 6. The Court analyzes each discovery request in turn and prefaces its analysis with an overview of the procedural history underlying the discovery dispute Plaintiff raises.

On May 3, 2022 Plaintiff served her First Set of Requests for Admission on Velocity. (Doc. No. 22, Exhibit ("Exh.") 2.) Velocity's deadline to respond to the RFAs was June 2, 2022. On May 5, 2022, Plaintiff served her First Set of Requests for Production of Documents on Velocity. (*Id.*, Exh. 3.) Velocity's deadline to respond to the RFPs was June 6, 2022. On June 6, 2022, defense counsel emailed Plaintiff's counsel requesting a two-week extension to respond to Plaintiff's RFAs and RFPs and indicating the deadlines were "miscalendared on [her] calenda[r]." (Doc. No. 22, Exh. 4.) On June 7, 2022, Plaintiff's counsel responded and granted Defendants an extension as to both the RFAs and RFPs until the next day, June 8, 2022. (*Id.*) On June 8, 2022, Velocity served its responses to Plaintiff's RFAs. On June 30, 2022, Velocity also served its supplemental responses to Plaintiff's RFAs. Velocity did not serve its initial responses to Plaintiff's RFPs until June 30, 2022.

Below is a summary of Plaintiff's written discovery requests at issue and the objections Defendants posed to each request.

- RFA No. 1 seeks to obtain Defendants' admission that Velocity is a debt buyer under California Civil Code section 1788.50(a). Defendants object on relevance grounds.

- RFA No. 2 is identical to RFA No. 1 but limits the time period to 2020 through 2021. Defendants object on grounds the request is compound, vague and ambiguous as to unspecified terms, and not relevant.

- RFA No. 3 asks Defendants to admit that Velocity regularly purchases debts. Defendants object on grounds that the request is vague and ambiguous as to the term "regularly" amongst other unspecified terms and not relevant.

- RFA No. 4 asks Defendants to admit that Velocity regularly purchased debts between January 1, 2017 and December 31, 2021. Defendants object on grounds that the request is not relevant and is also vague and ambiguous as to the term "regularly," amongst other unspecified terms.

- RFA No. 6 asks Defendants to produce a complete copy of "any application submitted by Mandarich to the California Department of Financial Protection and Innovation for a license as a debt collector" pursuant to the California Financial Code sections 51000, *et seq*. Defendants object on grounds that the request is not relevant, seeks confidential proprietary information, and is vague and ambiguous as to "application" amongst other unspecified terms.

From the outset, the Court finds Defendants have waived their objections due to untimeliness. Velocity's responses to Plaintiff's RFAs were due on June 2, 2022. Defense counsel waited until June 6, 2022 to request an extension. At such point, Defendants' time to respond to the RFAs had already expired. Velocity's responses to Plaintiff's RFPs fare no better. Although Velocity's deadline to respond to the RFPs was June 6, 2022, Plaintiff's counsel did not provide Velocity an extension until June 7, 2022. It was a risk defense counsel took that did not pay off. Compounding Defendants' dilatory discovery practice is that Velocity failed to meet even the newly set responsive deadline Plaintiff's counsel provided. Rather than serve its responses to Plaintiff's RFPs on June 8, 2022, consistent with the extension Plaintiff granted, Velocity waited to do so until June 30, 2022. It is striking that Defendants entirely fail to address their tardiness in their Opposition to Plaintiff's Motion to Compel. Regardless, the facts speak for themselves. Accordingly, the Court finds Defendants have waived all of their objections to Plaintiff's written discovery requests. Notwithstanding the waiver, the Court finds RFAs Nos. 3 and 4 are vague and do not require Defendants' response as discussed in more detail below. To that end, the Court analyzes each objection Defendants asserted below.

/ / /

1    Defendants assert a relevance objection for all disputed RFAs, arguing Plaintiff's

2  FAC does not contain an FDCPA claim and thus the RFAs are improper. The Court

3  disagrees with Defendants' characterization of the FAC and, in turn, OVERRULES their

4  relevance objection as to RFAs Nos. 1, 2, 3, and 4. Under Plaintiff's first claim for relief

5  for violation of the FDCPA, Plaintiff alleges Defendants' violations include, "but are not

6  limited to…. making a false, deceptive, or misleading misrepresentation in the collection

7  of a debt and by use of an unfair or unconscionable means to collect or attempt to collect a

8  debt." (Doc. No. 5, 6, 6-23.) Defendants' representation that, "even though Velocity

9  purchased Ms. De Alba's debt, responses to the above requests for admission do not lead

10  to an inference that Velocity is a debt collector under either cause of action plead by

11  Plaintiff" is not persuasive. (Doc. No. 25, 3:7-10.) It is for Plaintiff to decide how to put

12  on her case, not Defendants. Moreover, the FAC makes clear Plaintiff maintains an FDCPA

13  claim, which implicates "Defendants' debt collection practices," amongst other alleged

14  business practices. As such, the Court finds the RFAs relevant to Plaintiff's two causes of

15  action against Defendants. Because Defendants asserted relevance as their only objection

16  to RFA No. 1, the Court ORDERS Defendants to respond to RFA No. 1 **no later than**

17  **fourteen (14) days from the date of the issuance of this Order**.  The Court now turns to

18  Defendants' remaining objections.

19    As to RFA No. 2, Defendants assert a compound objection and a "vague and

20  ambiguous" objection. The Court OVERRULES both objections, as they are the kind of

21  boilerplate objections this Court has expressly discouraged in Appendixes A and B of its

22  Civil Chambers Rules. Defendants wholly fail to explain how the RFA is compound and

23  what particular terms in the RFA are vague and ambiguous. For this reason, Defendants

24  shall respond to RFA No. 2 **no later than fourteen (14) days from date of the issuance**

25  **of this Order**.

26    As to RFA No. 3, Defendants assert another compound objection without offering

27  any explanation. Consistent with its above ruling, the Court OVERRULES Defendants'

28  compound objection for its boilerplate nature.  As to Defendants' separate objection of

vague and ambiguous, the Court SUSTAINS IN PART AND OVERRULES IN PART the objection. Defendants argue the RFA is vague and ambiguous as to terms including, but not limited to, Plaintiff's use of the term "regularly." The Court SUSTAINS Defendants' objection specific to the term "regularly" because Plaintiff fails to define the term and clarify its scope to any extent. As such, it is an insurmountable task to decipher what conduct qualifies as regular debt collection versus irregular debt collection. As to Defendants' catch-all that any and all other words in the RFA are similarly vague and ambiguous, the Court OVERRULES Defendants' objection for its boilerplate nature.

As to RFA No. 4, Defendants assert a vague and ambiguous objection identical to their vague and ambiguous objection in response to RFA No. 3. The Court extends its ruling on Defendants' vague and ambiguous objection to RFA No. 3 to Defendants' vague and ambiguous objection to RFA No. 4. Specifically, the Court SUSTAINS Defendants' objection as to the term "regularly" and OVERRULES Defendants' objection as to all other terms, which Defendants did not specify in their vague and ambiguous objection.

Finally, the Court addresses Defendants' objections to RFP No. 6. Defendants object on grounds that the request is not relevant, seeks confidential and proprietary information, and is vague and ambiguous as to "application" amongst other unspecified terms. The Court OVERRULES each of Defendants' objections and analyzes each in turn. As explained, the FAC alleges Defendants engaged in debt collection practices that amounted to violations of the FDCPA and the Rosenthal Act. Accordingly, Defendants' purported debt collection practices have been put into dispute in this lawsuit. RFP No. 6 implicates these practices as they relate to any debt collection licensing applications Defendants filed with the California Department of Financial Protection and Innovation under the California Financial Code, as the RFP sets forth. For this reason, the Court OVERRULES Defendants' relevance objection. The Court similarly OVERRULES Defendants' vague and ambiguous objection as to the term "application" and all other terms Defendants object to but fail to identify. The RFP makes clear it seeks to obtain documents consisting of a specific licensing application, with a named California agency, pursuant to an enumerated

statutory code. For this reason, the Court finds there is nothing vague and ambiguous about the RFP as written. Finally, the Court finds Defendants' confidential and proprietary information objection boilerplate because it fails to explain to any extent how the RFP would lead to the discovery of trade secret information. For this reason, the Court OVERRULES Defendants' final objection. In turn, the Court ORDERS Defendants to respond to RFP No. 6 **no later than fourteen (14) days from the date of the issuance of this Order**.

## V.   DEFENDANTS' MOTION TO COMPEL DEPOSITION TESTIMONY

Defendants' July 19, 2022 Motion to Compel seeks to obtain deposition testimony from Plaintiff's counsel and his legal assistant regarding the service issue. (Doc. No. 23.) Defendants explain they dispute Plaintiff's allegations on the service issue and seek to clarify the circumstances surrounding Plaintiff's service of her answer to Defendants' complaint in the underlying action. Plaintiff wholly opposes Defendants' Motion to Compel and asserts a relevance objection as to both depositions. (Doc. No. 24.) Having reviewed the Parties' respective papers on this issue, the Court finds Defendants have not met their burden to demonstrate why either deposition testimony should be compelled. Accordingly, the Court SUSTAINS Plaintiff's relevance objection as to both proposed depositions, DENIES Defendants' Motion to Compel in its entirety, and explains below.

Rule 30(a)(1) of the Federal Rules of Civil Procedure provides that a party may depose any person. Fed. R. Civ. P. 30(a)(1). Thus, the Federal Rules of Civil Procedure do not expressly prohibit the taking of a party's counsel's deposition. Nonetheless, attorney depositions are scrutinized more closely as such litigation practices are disfavored and "should be employed only in limited circumstances." *ATS Prod., Inc v. Champion Fiberglass, Inc.*, 2015 WL 3561611, at *3 (N.D. Cal. June 8, 2015) (citing *Hickman v. Taylor*, 329 U.S. 495, 513 (1947) ("The practice of forcing trial counsel to testify as a witness… has long been discouraged.").

*Shelton* is the seminal case on the depositions of attorneys and sets forth a three-part framework to guide courts' analyses, which district courts within the Ninth Circuit have

21-CV-547-AJB-WVG

adopted. *Torrey Pines Logic, Inc. v. Gunwerks, LLC*, 2020 WL 6365430, at *2 (S.D. Cal. Oct. 29, 2020); *Stevens v. Corelogic, Inc.*, 2015 WL 8492501, at *2 (S.D. Cal. Dec. 10, 2015); *In re Andre*, 2019 WL 6699958 at *2 (N.D. Cal. Dec. 9, 2019). Under *Shelton*, the party seeking to compel an attorney's deposition must demonstrate "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; (3) the information is crucial to the preparation of the case." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). *Pamida* followed and modified *Shelton* by finding the three-part test inapplicable where a litigant seeks to depose opposing counsel about a prior closed case, as opposed to a pending case. *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 728 (8th Cir. 2002).

In cases like *Pamida*, courts evaluate the propriety of the deposition of an attorney "under the ordinary discovery standards of the Federal Rules of Civil Procedure and any asserted privileges." *Id.* at 731; *see also ATS Prod., Inc. v. Champion Fiberglass, Inc.*, 2015 WL 3561611, at *4 (N.D. Cal. June 8, 2015) (citing same). Consistent with this understanding, district courts within the Ninth Circuit have clarified "the *Shelton* analysis applies only where the discovery sought concerns matters relating to counsel's representation of a litigant in the current litigation. It does not apply to discovery of facts known to counsel as a percipient witness relating to matters that preceded the litigation." *Torrey Pines Logic, Inc.*, 2020 WL 6365430, at *2 (citing *EpicentRx, Inc. v. Carter*, 2020 WL 6158939 at *3 (S.D. Cal. Oct. 20, 2020) ("While the Court is mindful the concerns set forth by the Eighth Circuit in *Shelton* over deposing counsel are still present, these concerns are less pronounced where the subject matter of the deposition is [counsel]'s knowledge of events occurring during a prior concluded matter"); *Textron Fin. Corp. v. Gallegos*, 2016 WL 4169128, 2016 U.S. Dist. LEXIS 103578 (S.D. Cal. Aug. 5, 2016) (finding *Shelton* test inapplicable in post-judgment proceedings where the proposed deponent was not litigation counsel in the underlying litigation).

As a foundational matter, the Court finds the traditional analysis under the Federal Rules of Civil Procedure – rather than the *Shelton* test – controls the instant dispute.

Defendants seek to depose Plaintiff's counsel and his legal assistant about the manner in which they served Plaintiff's answer to the complaint in the underlying action. This service issue constitutes a transaction that has concluded and that exclusively took place during the underlying action, which has since been disposed of. Under such circumstances, the *Shelton* test is inapplicable. *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 3845984, at *2 (N.D. Cal. Aug. 13, 2018) (declining to apply Shelton test where party did not seek discovery from opponent's litigation counsel about matters in the pending litigation but only about a transaction that concluded in prior litigation); *Torrey Pines Logic, Inc.*, 2020 WL 6365430, at *2 (applying traditional Rule 26(b)(1) analysis instead of Shelton test because litigant "d[id] not seek to depose [current counsel] regarding matters related to his representation of [opponent] in the current litigation" but rather as a percipient witness to communications that occurred in prior litigation).

While it agrees with Defendants that *Shelton* does not govern this dispute, the Court disagrees with Defendants that the depositions of Plaintiff's counsel and his legal assistant should go forward. Indeed, the Court finds neither of Plaintiff's two causes of action nor Defendants' six affirmative defenses meet the threshold relevance inquiry under Rule 26(b)(1). Defendants seek to obtain deposition testimony from Plaintiff's counsel and his legal assistant to show conduct amounting to gamesmanship that laid the groundwork for Plaintiff's instant lawsuit against Defendants. But the elements of Plaintiff's FDCPA and Rosenthal Act claims do not implicate Defendants' sought-after deposition testimony because the service issue is not the basis of Plaintiff's lawsuit in this District to any extent.

Similarly, the deposition testimony Defendants seek to compel would do nothing to bolster any of Defendants' six affirmative defenses to the operative FAC, namely (1) lack of standing; (2) mitigation of damages; (3) bona fide error; (4) fault of others; (5) contribution; and (6) unclean hands. (Doc. No. 16.) Notably, Defendants do not expressly identify in their Motion to Compel which of their affirmative defenses are relevant to the service issue. Nonetheless, the Court has surveyed each of Defendants' affirmative defenses and finds deposition testimony on the service issue is not pertinent to any of

21-CV-547-AJB-WVG

Defendants' affirmative defenses. As Plaintiff observes, there is no element of intent in any of the affirmative defenses at play here. Thus, learning about Plaintiff's counsel's motives and legal strategy in preparation for filing the instant lawsuit is simply outside the bounds of this litigation. Had Defendants asserted other affirmative defenses or brought claims of their own against Plaintiff here, the outcome may be different. But without more shown today, the Court finds Defendants have failed to carry their burden.

Further, Defendants' citation to Plaintiff's counsel's declaration in support of Plaintiff's Opposition to Defendants' Motion to Strike – a motion which District Judge Anthony J. Battaglia denied – does not advance Defendants' Motion to Compel. Defendants suggest the service issue is relevant simply because Plaintiff's counsel addressed the service issue in his Declaration regarding Defendants' Motion to Strike. (Doc. No. 15.) In so arguing, Defendants ignore that *they* called upon Plaintiff to address the service issue because their Motion to Strike hinged on the service issue. This circumstance does not, in and of itself, establish relevance for purposes of Plaintiff's two claims and Defendants' six affirmative defenses. Judge Battaglia's decision to deny Defendants' Motion to Strike only underscores the point.

Additionally, Defendants' admission in paragraph 25 of their Answer appears to undermine their request to depose Plaintiff's counsel and his legal assistant. In relevant part, Defendants admit "MLG did not review the court docket prior to sending the default pleadings to the Court and prior to sending the March 2 letter to Plaintiff." (Doc. No. 16, 4:2-5.) Defendants could have reviewed the docket at the time and seen that Plaintiff had indeed filed an answer to Defendants' state court complaint. Had they done so, Plaintiff's suspected attempt to evade notifying Defendants of her filed answer would have been mooted. This circumstance thus weakens Defendants' need to peer inside the minds of Plaintiff's counsel and his legal assistant on the service issue.

Separately, Defendants could have propounded written discovery on the service issue six months ago, if not earlier, when the Court's Order Regulating Discovery and Other Pre-Trial Proceedings issued on February 25, 2022. (Doc. No. 19.) Defendants

21-CV-547-AJB-WVG

instead chose to wait until the proverbial eleventh-hour and attempt to use the most invasive means to compel such information from Plaintiff through the deposition of her attorney and his legal assistant. The Court will not reward this dilatory and haphazard approach to discovery here and thus SUSTAINS Plaintiff's relevance objection to Defendants' deposition subpoenas as to Plaintiff's counsel and his legal assistant. In turn, the Court DENIES Defendants' Motion to Compel both depositions.

## VI. CONCLUSION

As discussed about, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion to Compel Defendants' Discovery Responses and DENIES Defendants' Motion to Compel Deposition Testimony. **No later than fourteen (14) days from the date of this Order's issuance**, Defendants shall respond to Plaintiff's RFAs Nos. 1 and 2 and RFP No. 6. The July 22, 2022 fact discovery cut-off is hereby CONTINUED for this **limited and exclusive** purpose. No other fact discovery shall be conducted in this matter.

**IT IS SO ORDERED.**

Dated: August 10, 2022

_____
Hon. William V. Gallo
United States Magistrate Judge