UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCIO DE ALBA,<br><br>Plaintiff,<br>v.<br><br>VELOCITY INVESTMENTS, INC.; and MANDARICH LAW FIRM, LLP.,<br><br>Defendants. | Case No.: 21-CV-547-AJB-MMP<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RENEWED ANTI-SLAPP MOTION**<br><br>**(Doc. No. 27)** |

Before the Court is Velocity Investments, LLC ("Velocity") and Mandarich Law Group, LLP's ("Mandarich") (collectively, "Defendants") renewed special motion to strike pursuant to California's anti-SLAPP statute, California Code of Civil Procedure § 425.16.[1] (Doc. No. 27.) Rocio De Alba ("Plaintiff") filed an opposition, to which Defendants replied. (Doc. Nos. 29, 30.) For the reasons set forth below, the Court **GRANTS IN PART**

[1] The renewed motion to strike indicates that the correct name of the law firm defendant is Mandarich Law Group, LLP, and not Mandarich Law Firm, LLP, as indicated in the Complaint. As Plaintiff has not disputed this correction, the Court considers the former the appropriate name.

and **DENIES IN PART** Defendants' motion.

## I. BACKGROUND

This action arises from Defendants' attempt to collect on a debt for a loan Plaintiff obtained in September 2017. On October 13, 2020, Velocity filed a Collection Complaint against Plaintiff in the San Diego Superior Court. Plaintiff was personally served with a copy of the Collection Complaint on November 23, 2020.

On December 7, 2020, Plaintiff's counsel filed an Answer with the Superior Court and mailed a copy to Mandarich. According to Mandarich, it did not receive actual notice of the Answer until June 7, 2021, because Plaintiff did not mail the Answer to the appropriate P.O. Box.

Believing Plaintiff had not responded to the Collection Complaint, Defendants filed in March 2021, a Request for Entry of Default and Judgment with the Superior Court. Mandarich thereafter mailed Plaintiff a copy of the default package along with a cover letter stating that she failed to respond to the collection lawsuit and that Mandarich was seeking a default judgment against her. The letter also stated: "Although we can no longer guarantee that judgment will not be entered against you, there is still time to contact us to work out an arrangement for payment on the remaining balance." (Doc. No. 29-3 at 5.)

According to Plaintiff, she opened Mandarich's letter, panicked, called the number on it, spoke with a Mandarich employee, and set up a payment plan. Plaintiff asserts that "Mandarich should never have contacted a represented party, should never have filed a Request for Entry of Default and Judgment on a case where an answer was on file, and certainly should not have taken advantage of the confusion they caused by making false statements to extract bank account information from Ms. De Alba." (Doc. No. 5, FAC at 5.)

Plaintiff filed suit against Defendants in federal court, alleging that Defendants violated the Fair Debt Collection Practices Act and Rosenthal Act. (Doc. No. 1.) Plaintiff later filed a First Amended Complaint ("FAC") (Doc. No. 5), after which Defendants filed a special motion to strike pursuant to California's anti-SLAPP statute (Doc. No. 7). The

Court denied the motion as premature because it challenged the factual sufficiency of Plaintiff's claims, and discovery had not yet been conducted. (Doc. No. 15 at 2.) Discovery is now complete, and Defendants have filed a renewed special motion to strike Plaintiff's Rosenthal Act claims. (Doc. No. 27.) This Order follows.

## II. LEGAL STANDARD

California's anti-SLAPP statute provides a mechanism for striking "lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." *See* Cal. Civ. Proc. Code § 425.16. The statute "shall be construed broadly." Cal. Civ. Proc. Code. § 425.16(a). "Motions to strike a state law claim under California's anti-SLAPP statute may be brought in federal court." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003) (citing *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970–73 (9th Cir. 1999)). The California anti-SLAPP statute, however, applies only to state law claims; it does not apply to federal law causes of action. *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2009).

"Resolution of an anti-SLAPP motion requires the court to engage in a two-step process." *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 733 (2003). First, the defendant must make a "threshold showing that the challenged cause of action is one arising from protected activity." *Id.* Second, the plaintiff must demonstrate a probability of prevailing on the claim. *Id.* If "the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim," the motion to strike must be denied. Cal. Civ. Proc. Code § 425.16(b)(1). Likewise, "[i]n making its determinations, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Civ. Proc. Code § 425.16(b)(2).

## III. DISCUSSION

As previously mentioned, Defendants' anti-SLAPP motion seeks to dismiss Plaintiff's Rosenthal Act claims with prejudice. The Court thus engages in the two-step process required to resolve the motion.

### A. Protected Activity

To begin, the Court determines whether Defendants have established that the challenged causes of action arose from a protected activity. *See Jarrow Formulas, Inc.*, 31 Cal. 4th at 733. "A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)" of the anti-SLAPP statute. *Navellier v. Sletten,* 29 Cal.4th 82, 88 (2002) (citation omitted). Relevant here, the statute protects:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law.

Cal. Civ. Proc. Code § 425.16(e)(1)–(2).

Here, Defendants contend that Plaintiff's suit arises from their prosecution of the Collection Complaint in Superior Court and is therefore "protected activity" under the anti-SLAPP statute. The Court agrees. There is no dispute that Plaintiff's Rosenthal Act claims stem from Defendants seeking an entry of default and judgment on their Collection Complaint against Plaintiff and their communications with her about that litigation. "A cause of action 'arising from' defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056 (2006).

Moreover, Defendants' pleadings in state court, including the Collection Complaint and request for entry of default and judgment, are writings made before a judicial proceeding, and made in connection with an issue under consideration by a judicial body. *See* Cal. Civ. Proc. Code § 425.16(e)(1)–(2); *Rusheen*, 37 Cal. 4th at 1056 ("'Any act' includes communicative conduct such as the filing, funding, and prosecution of a civil action. . . . This includes qualifying acts committed by attorneys in representing clients in litigation."). Plaintiff's opposition brief contains no arguments to the contrary.

Accordingly, the Court finds that Defendants have made a "threshold showing that the challenged cause of action is one arising from protected activity." *Jarrow*, 31 Cal. 4th at 733.

**B. Probability of Prevailing**

As Defendants have shown that the challenged causes of action arose from protected activity, the burden shifts to Plaintiff to demonstrate a probability of prevailing on her claims. *See id*. This step entails "a summary-judgment-like procedure." *Baral v. Schnitt*, 1 Cal. 5th 376, 384 (2016). The court's "inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment." *Id.* at 384–85. "To determine whether the plaintiff has made this showing, the court considers the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." *Graham-Sult v. Clainos*, 756 F.3d 724, 741 (9th Cir. 2014) (citing Cal. Civ. Proc. Code § 425.16(b)(2)) (internal quotations omitted). "The court does not weigh evidence or resolve conflicting factual claims." *Baral*, 1 Cal. 5th at 384. The plaintiff's evidence must be accepted as true, and the defendant's showing is evaluated only to determine if it defeats the plaintiff's claim as a matter of law. *Id.* at 385. "Claims with the requisite minimal merit may proceed." *Id.* (citation and internal quotations omitted).

At issue are Plaintiff's Rosenthal Act claims. The Rosenthal Act incorporates the federal Fair Debt Collection Practices Act ("FDCPA") "so that a violation of the FDCPA is per se a violation of the Rosenthal Act."[2] *Best v. Ocwen Loan Servicing, LLC*, 64 Cal. App. 5th 568, 576 (2021); *see also Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) (finding that "whether a validation notice violates the Rosenthal Act turns on

---

[2] The statute provides, in relevant part, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code [the FDCPA]." Cal. Civ. Code § 1788.17.

whether it violates the FDCPA"). The FDCPA's aim is to prohibit debt collectors "from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). The remedial purpose of the statute requires courts "to interpret it liberally." *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006).

Here, Plaintiff's Rosenthal Act claims are based on alleged violations of 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f. (Doc. No. 5 at 7.) The Court addresses in turn whether Plaintiff has made a prima facie factual showing sufficient to sustain a favorable judgment on these claims.[3]

**i. 15 U.S.C. § 1692e – False or Misleading Representations**

First, the Court considers Plaintiff's Rosenthal Act claims pursuant to 15 U.S.C. § 1692e(2), (5), and (10)—all of which concern false, deceptive, or misleading representations in connection with the collection of debt.

As relevant, the statute provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (2) The false representation of--
> (A) the character, amount, or legal status of any debt
> . . .
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
> . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt[.]

---

[3] The Court notes Defendants filed a separate statement of objections to Plaintiff's evidence. That filing will not be considered because it fails to comply with this Court's civil case procedures. Battaglia, J. Civ. Case Procedures § II.A. ("***Separate statement of objections will NOT be allowed.***" (emphasis in original)).

15 U.S.C. § 1692e. "Whether conduct violates § 1692e requires an objective analysis that takes into account whether the 'least sophisticated debtor would likely be misled by a communication." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (internal quotations and citation omitted).

Here, accepting Plaintiff's evidence as true, the Court finds she has made a prima facie factual showing to prevail on her § 1692e claims. Mandarich mailed Plaintiff a letter with the following statements.

- **THIS OFFICE HAS REQUESTED JUDGMENT BE ENTERED AGAINST YOU**.

- You were served with the lawsuit and failed to respond.

- At this time we are requesting that the court enter a default judgment against you. Although we can no longer guarantee that judgment will not be entered against you, there is still time to contact us to work out an arrangement for payment on the remaining balance.

(Doc. No. 29-3 at 5 (emphasis in original).)

Defendants do not dispute that Plaintiff filed an Answer. Instead, they argue that the statement that she "failed to respond" is technically not false because "[r]esponding" requires Plaintiff to have actually effected service under California law. (Doc. No. 30 at 7.) Even assuming Defendants' contentions are correct, they miss the point. "[A] literally true statement can still be misleading." *Gonzales*, 660 F.3d at 1062. Moreover, "it is well established that a debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* Under the least sophisticated debtor analysis, Plaintiff is not expected to be informed in the intricacies of legal procedure. "The standard is designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naive, particularly when those individuals are targeted by debt collectors." *Id.* at 1062 (internal quotations omitted).

Here, the Court finds the least sophisticated debtor is likely to interpret the letter as communicating that she failed to meet a legal obligation and was at risk of losing her case,

when, in fact, Defendants could not prevail on their request for default because she had filed a responsive pleading. Because the statements in the letter create a false and misleading impression, the Court concludes that the communication was misleading, falsely represented the legal status of Plaintiff's debt, and impliedly threatened to take action that cannot be legally taken.

The Court further finds the misrepresentations were material because they could, and here did, "cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1121 (9th Cir. 2014). Had Plaintiff not received the misrepresentations about the legal status of her case, she would not have called Mandarich, given her bank account information, and acquiesced to its collection demand. *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) (The purpose of the FDCPA is "to provide information that helps consumers to choose intelligently."). Accordingly, Plaintiff has made a prima facie showing sufficient to sustain a favorable judgment on her § 1692e claims.

To the extent Defendants claim they lacked actual knowledge that their statements were false, deceptive, or misleading, their contention is unavailing. The FDCPA is a strict liability statute, and Plaintiff need not prove knowledge or intent to prove a § 1692e violation. *See Clark*, 460 F.3d at 1175–76 (finding that a § 1692e violation may be predicated upon conduct that is neither knowing nor intentional). As the Ninth Circuit explained in *Clark*, "[r]equiring a violation of § 1692e to be knowing or intentional needlessly renders superfluous § 1692k(c)," a provision in the FDCPA that provides Defendants a bona fide error affirmative defense. 460 F.3d at 1176.

Defendants, however, make clear they are not claiming a bona fide error defense. (Doc. No. 30 at 6 ("Plaintiff argues that Defendants are attempting to establish a bona fide error defense or a good faith exception to the Rosenthal FDCPA. This is not accurate.")). Consequently, Defendants have made no showing that defeats Plaintiff's § 1692e claims

as a matter of law. Thus, for the foregoing reasons, the Court **DENIES** Defendants' motion to strike Plaintiff's § 1692e claims.

**ii. 15 U.S.C. §§ 1692d and 1692f – Manner of Debt Collection**

Second, Plaintiff raises Rosenthal Act claims pursuant to 15 U.S.C. §§ 1692d and 1692f. The least sophisticated debtor standard also applies to these provisions. *See Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007). Section 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d. Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692.

Plaintiff points to the same factual evidence underlying her § 1692e claims to establish a prime facie case for her §§ 1692d and 1692f claims. See *Clark*, 460 F.3d at 1177 (noting "it is not unusual for an action to violate more than one FDCPA provision"). The Court finds Mandarich's inaccurate representations regarding the legal status of Plaintiff's case had the natural consequence of abusing the least sophisticated debtor. *See, e.g.*, S. Rep. No. 95–382 at 1, 4 (1997) (defining debt collection abuse to include "simulating legal process," expressly prohibiting practices such as "misrepresenting the consumer's legal rights," and "simulating court process").

The Court also finds the least sophisticated debtor would regard mailing of a letter that implies default judgment will soon be entered even though the debt collector was not entitled to seek default as an unfair means to collect or attempt to collect a debt. *See, e.g.*, *Currier v. First Resol. Inv. Corp.*, 762 F.3d 529, 535 (6th Cir. 2014) (finding "filing a lien on the debtor's home using a state procedure that does not authorize such action as an 'unfair or unconscionable means to collect or attempt to collect' the debt.").

Defendants' attempt to argue that their mailing of the letter was not abusive or unfair because they did not know Plaintiff filed an Answer and had no obligation to check the

case docket is without merit for the reasons discussed above.[4] *See supra* § III.B.i.

Based on the foregoing, the Court concludes Plaintiff has made a sufficient prima facie factual showing of abusive and unfair debt collection practice under the broad meanings of §§ 1692d and 1692f, respectively. Accordingly, the Court **DENIES** Defendants' motion to strike Plaintiff's §§ 1692d and 1692f claims.

**iii. 15 U.S.C. § 1692c(a)(2) – Communication with a Represented Party**

Finally, Plaintiff raises a Rosenthal Act claim pursuant to 15 U.S.C. § 1692c(a)(2), which provides that absent prior consent, "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt[.] 15 U.S.C. § 1692c(a)(2).

As factual support for her § 1692c(a)(2) claim, Plaintiff argues that after she arranged a payment plan with a Mandarich employee over the phone, she called them again, informed them she had an attorney, and canceled her payment plan. Plaintiff asserts that Defendants violated § 1692c(a)(2) because Mandarich's employee continued to speak with her after she stated she was represented.

Critically, however, these factual allegations appear nowhere in the operative complaint. "A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004); *accord Netbula, LLC v. BindView Dev. Corp.*, 516 F. Supp. 2d 1137, 1153 n.9 (N.D. Cal. 2007) (declining to consider "a new basis for fraud that is not alleged in the operative complaint"). Because the FAC does not include these factual allegations, the Court declines to address them. Consequently, the Court finds Plaintiff has not made a prima facie factual showing to support a favorable judgment on her § 1692c(a)(2) claim. Accordingly, the Court **GRANTS** Defendants' motion to strike as to this claim.

---

[4] Again, the Court notes Defendants' brief is unequivocally clear that they are not pursuing a bona fide error defense.

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' anti-SLAPP motion. Accordingly, Plaintiff's § 1692(c)(2)(A) claim is **DISMISSED WITH PREJUDICE**. Only Plaintiff's §§ 1692e, 1692d, and 1692f claims remain.

Finally, the Court notes that the findings and conclusions herein necessarily bear on the parties' pending cross-motions for summary judgment. Though not a model of clarity, the parties' summary judgment briefs reveal many arguments similar, if not identical, to those addressed here. (Doc. Nos. 31, 36.) To avoid duplication and in the interest of judicial economy, the Court deems it appropriate to deny the pending motions without prejudice to renewed filings that account for the determinations in this Order. To further avoid duplication, the Court directs any renewed cross-motion to conform to the following briefing scheduling.

- Defendants' renewed motion for summary judgment must be filed no later than October 2, 2023. The motion must not exceed 25 pages.
- Plaintiff's cross-motion for summary judgment and opposition to Defendants' motion must be filed as one consolidated brief, not exceeding 30 pages, no later than October 16, 2023.
- Defendant' reply in support of their motion and opposition to Plaintiff's cross-motion must be filed as one consolidated brief, not exceeding 25 pages, no later than October 30, 2023.
- Plaintiff's reply in support of her motion must be filed no later than November 6, 2023. The reply must not exceed 10 pages.
- No other pleadings or documents may be filed other than those listed above.

**IT IS SO ORDERED.**

Dated: August 22, 2023

Hon. Anthony J. Battaglia
United States District Judge