UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCIO DE ALBA,<br><br>                    Plaintiff,<br><br>v.<br><br>VELOCITY INVESTMENTS, LLC. and MANDARICH LAW FIRM, LLP,<br><br>                    Defendants. | Case No.: 21-cv-547-AJB-MMP<br><br>**ORDER:**<br><br>**(1) DENYING VELOCITY INVESTMENTS, LLC'S MOTION FOR SUMMARY JUDGMENT; and**<br><br>**(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**(Doc. Nos. 53, 57)** |

Before the Court are two motions—a motion for summary judgment filed by Velocity Investments, LLC ("Velocity") and a motion for partial summary judgment filed by Rocio De Alba ("Plaintiff"). (Doc. Nos. 53, 57.) The motions are fully briefed. (Doc. Nos. 58, 59.) For the reasons set forth below, the Court **DENIES** Velocity's motion and **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

## I.    BACKGROUND

This action arises from an attempt to collect a debt on a loan Plaintiff obtained and defaulted on, and which Velocity later purchased. Velocity referred Plaintiff's matter to its attorney, Mandarich Law Group, LLP's ("MLG" or "Mandarich"), to collect the debt.[1] (Doc. No. 53-2 at 5.)[2] On behalf Velocity, MLG filed a complaint against Plaintiff in the San Diego Superior Court on October 13, 2020, in the matter of *Velocity Investments, LLC v. Rocio De Alba*, *et al.*, case number 37-2020-00036433-CL-CL-CTL ("Collection Complaint"). (*Id.*; Doc. No. 5 at 4.) On December 7, 2020, Plaintiff's counsel filed an Answer with the Superior Court and mailed a copy to MLG. (Doc. No. 5 at 4.) According to MLG, it did not receive actual notice of the Answer until June 7, 2021, because Plaintiff did not mail the Answer to the appropriate P.O. Box, which was listed on the caption of the Collection Complaint. (Doc. No. 53-2 at 5–6.)

Believing Plaintiff had not responded to the Collection Complaint, MLG filed in March 2021, a Request for Entry of Default and Judgment with the Superior Court. (*Id.* at 6.) MLG thereafter mailed Plaintiff a copy of the default package along with a cover letter stating that she failed to respond to the collection lawsuit and that MLG was seeking a default judgment against her. (*Id.*) The letter also stated: "Although we can no longer guarantee that judgment will not be entered against you, there is still time to contact us to work out an arrangement for payment on the remaining balance." (Doc. No. 29-3 at 5.)

According to Plaintiff, she opened MLG's letter, panicked, called the number on it, spoke with a MLG employee, and set up a payment plan. Plaintiff claims that "Mandarich should never have contacted a represented party, should never have filed a Request for Entry of Default and Judgment on a case where an answer was on file, and certainly should

---

[1] The parties' briefs indicate that the correct name of the law firm defendant is Mandarich Law Group, LLP, and not Mandarich Law Firm, LLP, as named in the Complaint and First Amended Complaint. There being no dispute as to this correction, the Court considers the former the appropriate name.

[2] The page citations in this Order refer to the ECF-generated page numbers at the top of each filing.

not have taken advantage of the confusion they caused by making false statements to extract bank account information from Ms. De Alba." (Doc. No. 5 at 5.)

Plaintiff filed suit against Defendants in federal court, alleging that MLG violated the federal Fair Debt Collection Practices Act ("FDCPA"), and that both MLG and Velocity violated the California Fair Debt Collection Practices Act ("Rosenthal Act"), which incorporates several provisions of the FDCPA.[3] (*Id.* at 1, 6, 7.)

Defendants later filed a special motion to strike pursuant to California's anti-SLAPP statute, (Doc. No. 27), which the Court granted in part and denied in part, dismissing with prejudice Plaintiff's Rosenthal Act claim based on § 1692(c)(2)(A) of the FDCPA and sustaining the remaining state claims based on §§ 1692e, 1692d, and 1692f of the FDCPA. (Doc. No. 49 at 11.) The instant Order on Velocity's motion for summary judgment and Plaintiff's motion for partial summary judgment follows.

## II.   LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[4] A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* The party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has satisfied this burden, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and

---

[3] The First Amended Complaint at Doc. No. 5 is the operative complaint.

[4] Internal quotations, citations, and alterations are omitted from the cases cited in this Order unless otherwise indicated.

admissions on file," to show that a genuine issue of disputed fact remains. *Id.* at 324. "In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "Rather, it draws all inferences in the light most favorable to the nonmoving party." *Id.*

## III. DISCUSSION

Here, Velocity seeks summary judgment on Plaintiff's Rosenthal Act claims against it, arguing that Plaintiff cannot establish that Velocity should be held vicariously liable for the conduct of its attorney, MLG. (Doc. No. 53-1.) Though not a model of clarity, it appears Plaintiff's motion for partial summary judgment seeks summary adjudication in her favor that: (1) MLG is a debt collector for purposes of the FDCPA; (2) both Defendants are debt collectors for purposes of the Rosenthal Act; (3) Ms. De Alba is a "consumer" and her debt is a "consumer debt" under the two statutes at issue; (4) based on the Court's Order on Defendants' anti-SLAPP motion, Plaintiff merits summary judgment on her FDCPA and Rosenthal Act claims; and (5) neither Defendant can establish the defenses pled in their joint Answer. (Doc. No. 57-1 at 9–10.) The Court discusses these issues in turn.

### A. Whether Velocity is Vicariously Liable for MLG's Acts

Velocity contends that Plaintiff has not presented evidence that it can be vicariously liable for the conduct of its attorney, MLG, under the Rosenthal Act. The Court disagrees.

While there is no binding California case on this specific issue, "[t]he Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012). The Ninth Circuit has "recognized vicarious liability under the FDCPA" and explained that under general agency principles, "to be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent." *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) (citing with approval *Newman v. Checkrite California*, 912 F. Supp. 1354, 1370 (E.D. Cal.1995) and

Restatement (Second) of Agency § 1 (1958)). Considering the parallel nature of the FDCPA and Rosenthal Act, the Court deems it appropriate to apply these general FDCPA principles to determine the issue of vicarious liability under the Rosenthal Act here. Indeed, other courts facing similar issues have done the same. *See, e.g.*, *Newman*, 912 F. Supp. at 1370 n.19 (explaining that both federal and California courts look to the Restatement to ascertain common law agency principles).

Here, Velocity does not dispute Plaintiff's contention that as Velocity's attorney, MLG was Velocity's agent. *Compare* (Doc. No. 57-1 at 22 (Plaintiff asserting that MLG is *per se* Velocity's agent), with (Doc. No. 58 (Velocity not rejecting so)). Instead, Velocity maintains that Plaintiff has not offered evidence that it had the right to control MLG's litigation conduct or that Velocity even knew of the default package MLG sent to Plaintiff for purposes of imposing vicarious liability here.

The Court finds there is evidence upon which a reasonable trier of fact could conclude that Velocity exercised control over MLG in this case. For example, the declaration of MLG partner, Christopher Mandarich, states that Velocity referred Plaintiff's debt collection matter to his firm, and on Velocity's behalf, MLG filed the Collection Complaint against Plaintiff. (Doc. No. 53-2 at 5.) The declaration also indicates that the scope of Velocity's referral permitted MLG to "collect Plaintiff's debt through letters and phone calls." (*Id.*) Indeed, in the letter MLG sent to Plaintiff concerning the request for default judgment, MLG introduced itself as Velocity's representative in Plaintiff's debt matter and collection lawsuit before informing her that they are requesting the court enter a default judgment against her. (Doc. No. 29-3 at 5 ("Dear ROCIO DEALBA: Our firm represents Velocity Investments, LLC in the above referenced matter and pending lawsuit. You were served with the lawsuit and failed to respond. At this time we are requesting that the court enter a default judgment against you.").

Such evidence—viewed in the light most favorable to Plaintiff—can support a finding that Velocity had the right to control MLG's conduct or activities with respect to

its collection of Plaintiff's debt and that MLG acted within the scope of authority granted that Velocity granted it. *See Fenton v. Freedman*, 748 F.2d 1358, 1362 (9th Cir. 1984) ("It is not necessary to prove that the principal exercised his right of control or actually supervised the work of the agent, so long as the existence of the right is established from the facts."); *see also Blanton v. Womancare, Inc*., 696 P.2d 645, 649 (Cal. 1985) ("the client as principal is bound by the acts of the attorney-agent within the scope of his actual authority (express or implied) or his apparent or ostensible authority; or by unauthorized acts ratified by the client.").

While Velocity points to deposition testimony from its company representative that Velocity relies on the law firms it hires to manage the legal process, such testimony does not conclusively establish that Velocity had no right to control MLG's conduct by virtue of their attorney-client relationship. And the resolution of such factual disputes requires consideration of competing evidence and witness credibility, which the Court cannot do here.

Drawing all inferences from the evidence in the light most favorable to Plaintiff—as the Court must at the summary judgment stage—the Court finds that a reasonable jury could find that Velocity had the right to control MLG's conduct in this case, and thus, can be held vicariously liable under the Rosenthal Act. Accordingly, the Court **DENIES** Velocity's motion for summary judgment on this basis.

**B.     Whether MLG is a "Debt collector" under the FDCPA**

Next, Plaintiff requests summary judgment on the issue of whether MLG is a debt collect for purposes of the FDCPA. Under the federal statute, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

According to Plaintiff, MLG is a debt collector under the FDCPA because MLG's "exclusive business activity is to collect debts on behalf of third parties" and does so "by contacting consumers by telephone, letters, and email, and by filing and prosecuting collection litigation." (Doc. No. 57-1 at 13–14 (citing in support deposition testimony at Doc. No. 57-3 at 43–45).) Plaintiff also asserts that MLG admitted at deposition that it is "engaged in the collection of consumer and/or commercial debt" on behalf of third parties. (Doc. No. 57-3 at 44–45.) MLG offered no argument or evidence to the contrary.

There being no genuine dispute that MLG is a debt collector for purposes of the FDCPA, the Court treats this fact as established in this case. *See* Fed. R. Civ. P. 56(g); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Ready Pac Foods, Inc.*, 782 F. Supp. 2d 1047, 1051 (C.D. Cal. 2011) ("Rule 56(g) allows a court to grant partial summary judgment, thereby reducing the number of facts at issue in a trial."). Accordingly, the Court **GRANTS** Plaintiff's motion for partial summary judgment on this basis.

### C. Whether Defendants are "Debt Collector" under the Rosenthal Act

Plaintiff also requests summary judgment on the issue of whether Defendants are debt collectors for purposes of the Rosenthal Act. Under the state statute, a "debt collector" is "any person who, in the ordinary course of business, regularly, on behalf of that person or others, engages in debt collection." Cal. Civ. Code § 1788.2(c). Debt collection, in turn, "means any act or practice in connection with the collection of consumer debts. *Id.* § 1788.2(b).

As to MLG, Plaintiff reiterates that deposition testimony establishes that MLG regularly engages in collecting debt on behalf of its clients. (Doc. No. 57-3 at 43–45.) Again, MLG does not dispute Plaintiff's position or evidence. There being no genuine dispute that MLG is a debt collector for purposes of the Rosenthal Act, the Court treats this fact as established in this case. *See* Fed. R. Civ. P. 56(g). Accordingly, the Court **GRANTS** Plaintiff's motion for partial summary judgment on this basis.

As to Velocity, Plaintiff argues that Velocity admitted to being a debt collector as defined in the Rosenthal Act and cited Velocity's response to its Request for Admission No. 15 in support. (Doc. No. 57-3 at 169.) Velocity counters that although its response admits that it is a debt collector within the meaning of Cal. Civ. Code § 1788.2(c), it expressly denied being a debt collector as to Plaintiff specifically. The argument fails to persuade.

To meet the definition of "debt collector," the plain text of Cal. Civ. Code § 1788.2(c) requires only that Velocity, in the ordinary course of business, be regularly engaged in debt collection on its, or other's behalf. And Velocity offers no authority for its position that one be considered a debt collector generally, but not one specifically. Accordingly, the Court does not find there to be a genuine issue of material fact as to whether Velocity is a debt collector for purposes of the Rosenthal Act, and thus, **GRANTS** Plaintiff's motion for partial summary judgment on this basis.

### D.     "Consumer" and "Consumer Debt" under the FDCPA & Rosenthal Act

Plaintiff also seeks summary judgment on the issues of whether the definitions of "consumer" and "consumer debt" under the FDCPA & Rosenthal Act are satisfied in this case. Under the FDCPA, a "consumer is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). And "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. . ." *Id.* § 1692a(5). The Rosenthal Act defines these terms similarly. *See* Cal. Civ. Code § 1788.2(e), (f).

Here, Plaintiff is a natural person, whom Defendants allege owe a debt, which Plaintiff's declaration establishes was incurred for personal and household purposes. (Doc. No. 57-4 at 2.) Defendants do not dispute these facts or Plaintiff's contention that such evidence meets the definitions of "consumer" and "consumer debt" for purposes of the FDCPA and the Rosenthal Act. There being no dispute as to these issues, the Court finds

them established in this case. *See* Fed. R. Civ. P. 56(g). Accordingly, the Court **GRANTS** Plaintiff's motion for partial summary judgment on this basis.

### E. Liability based on the Court's Findings on the Anti-SLAPP Motion

Next, Plaintiff requests summary judgment in her favor on her FDCPA and Rosenthal Act claims. In Plaintiff's view, she has established that Defendants violated §§ 1692e, 1692d and 1692f of the FDCPA (and in turn, the Rosenthal Act claims premised on those FDCPA violations) as a matter of law based solely on the Court's findings in its Order on Defendants' anti-SLAPP motion. (Doc. No. 57-1 at 16–18.) Plaintiff, however, presents no authority upon which the Court could find that prevailing against an anti-SLAPP motion necessarily means she must prevail on the ultimate issue of liability.

As explained in the prior Order, the Court's determination of the anti-SLAPP motion concerned whether Plaintiff demonstrated "a probability of prevailing on her claims" and the "inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment." (Doc. No. 49 at 5.) The Court's conclusion that Plaintiff has demonstrated a probability of prevailing on her claims is not the same as an ultimate finding of liability. Nor is it the same as finding— as the Court would need to find here—that based on uncontroverted evidence, there are no genuine issues of material fact as to Plaintiff's claims such that she is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322.

Because Plaintiff's summary judgment request rests solely on the Court's finding that she has demonstrated a probability of prevailing on her claims and fails to clearly set forth how each element of her claims is established by conclusive evidence, the Court deems it inappropriate to grant judgment in the manner Plaintiff seeks here. Accordingly, the Court **DENIES** Plaintiff's motion for summary judgment on this basis.

### F. Defendants' Affirmative Defenses

Plaintiff additionally seeks summary judgment on Defendants' affirmative defenses: bona fide error, lack of standing, unclean hands, contribution, fault of others, and

mitigation of damages.[5]

As an initial matter, the Court notes that while Defendants filed an opposition, they chose to respond only to Plaintiff's challenge to their bona fide error defense. (Doc. No. 58 (containing no argument as to the other affirmative defenses).) Thus, the Court deems Defendants' other affirmative defenses—lack of standing, unclean hands, contribution, fault of others, and mitigation of damages—abandoned. *See Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (noting that Jenkins "abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment."). Accordingly, the Court **GRANTS** Plaintiff's motion for summary judgment on these abandoned defenses.

With respect to the bona fide error defense, Plaintiff argues that Defendants have waived this defense because they did not raise it in their briefing on the anti-SLAPP motion. A waiver "is the intentional relinquishment or abandonment of a known right." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022). "To decide whether a waiver has occurred, the court focuses on the actions of the person who held the right; the court seldom considers the effects of those actions on the opposing party." *Id.*

Here, Defendants explain that it did not argue a bona fide error defense in their anti-SLAPP briefing because doing so would have entailed consideration of potentially conflicting evidence, which is outside the scope of the Court's inquiry on an anti-SLAPP motion. The point is well taken.

As the Court noted in the prior Order, in deciding the anti-SLAPP motion, the Court had to accept Plaintiff's evidence as true, and could not weigh evidence or resolve conflicting factual claims. (Doc. No. 49 at 5.) And because the analysis focused on whether

---

[5] Plaintiff also appears to challenge the affirmative defenses of "invalid service," "good faith exception," and "waiver," but those were not raised in Defendants' Answer. (Doc. No. 16.) Because those defenses were not raised in the Answer, and Defendants' briefs do not, in any event, address them, the Court declines to consider Plaintiff's challenges thereto.

Plaintiff demonstrated a prima facie case of her claims, the Court could only evaluate Defendants' showing to determine if it defeats Plaintiff's claims as a matter of law. (*Id.*) Understanding that their bona fide error defense entailed disputed issues of fact that were inappropriate for resolution at that stage, Defendants chose not to argue the defense at that time. Defendants' decision in this regard is not inconsistent with their right to assert this defense. Because Defendants' actions do not establish and "intentional relinquishment or abandonment of a known right," *Morgan.*, 596 U.S. at 417, the Court does not find that Defendants have waived their bona fide error defense. Accordingly, the Court **DENIES** Plaintiff's motion for summary judgment on Defendants' bona fide error defense.

Plaintiff also argues, in the alternative, that Defendants lack evidence to establish their bona fide error defense. "The bona fide error defense requires a showing that the debt collector: (1) violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) the debt collector maintained procedures reasonably adapted to avoid the violation."[6] *Urbina v. Nat'l Bus. Factors Inc.*, 979 F.3d 758, 763 (9th Cir. 2020). Plaintiff contends that Defendants do not have evidence that they maintained procedures reasonably adapted to avoid the violation at issue here.

Here, the error at issue was the filing of the request for default and sending a letter to Plaintiff regarding the request for default. According to Defendants, the error occurred because MLG was unaware of Plaintiff's response to the Collection Complaint. And in support of their position that MLG maintained procedures reasonably adapted to avoid the error, Defendants point to MLG's partner' declaration and supporting document detailing MLG's "procedures for processing mail and all incoming documents," which are "intended to ensure that all incoming pleadings and other documents are properly recorded in the

---

[6] There is no dispute that the Rosenthal Act provides a similar defense. *See* Cal. Civ. Code § 1788.30(e) ("A debt collector shall have no civil liability to which such debt collector might otherwise be subject for a violation of this title, if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.")

appropriate account file." (Doc. No. 58-1 at 2.) The declaration explains that "MLG's Incoming Document procedures are intended to ensure that a request for default is only filed with a court when the consumer defendant failed to respond to the complaint" and that its "attorney procedures also require that an attorney review the account to ensure that it is appropriate and permissible to file a request for default, i.e., that sufficient time had elapsed to support a request for default, that the consumer had not responded to the complaint and that MLG had received supporting documentation and information from its client." (*Id.*) Defendants also reference the caption of the Collection Complaint which identifies for Plaintiff MLG's correct P.O. Box address.

As MLG has pointed to evidence of procedures upon which a reasonable jury could support a finding of a bona fide error defense, the Court rejects Plaintiff's contention that MLG cannot establish this defense. The Court acknowledges that Plaintiff takes issue with whether MLG's procedures were reasonably adapted to avoid the violation when it has no policy of checking the case docket for filings, but such dispute is for the trier of fact to resolve after weighing the parties' evidence, which the Court cannot do here.[7] *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009) ("We have held that 'summary judgment is generally an inappropriate way to decide questions of reasonableness because the jury's unique competence in applying the reasonable man standard is thought ordinarily to preclude summary judgment.'"). Accordingly, the Court **DENIES** Plaintiff's motion for summary judgment in her favor on MLG's bona fide error defense.

Finally, the Court notes that Defendants raise no argument as to Velocity's bona fide error defense or evidence of any procedure maintained by Velocity to avoid the error that

---

[7] The Court acknowledges that Defendants raised relevance objections to Plaintiff's evidence that MLG has used different addresses in the past and closed its office for a period of time during the COVID-19 pandemic. Because "objections for relevance are generally unnecessary on summary judgment," *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir. 2021), and the Court's ruling in this matter does not rely on the evidence objected to, the Court **DENIES** the objections as moot.

occurred here. Accordingly, the Court **GRANTS** Plaintiff's motion for summary judgment in her favor on Velocity's bona fide error defense.

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** Velocity's motion for summary judgment (Doc. No. 53) and **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for partial summary judgment (Doc. No. 57).

In sum, the Court **DISMISSES** Defendants' affirmative defenses of lack of standing, unclean hands, contribution, fault of others, and mitigation of damages, and **DISMISSES** Velocity's bona fide error defense. Additionally, the Court finds the following facts established in this case.

- MLG is a "debt collector" under the FDCPA.
- Defendants are "debt collectors" under the Rosenthal Act.
- Plaintiff is a "consumer", and her debt constitutes "consumer debt", under the FDCPA and Rosenthal Act.

All other issues, including but not limited to whether Velocity is vicariously liable for MLG's conduct under the circumstances of this case and MLG's bona fide error defense, remain for trial.

Having ruled on the pending motions, the Court **DIRECTS** the parties to contact the Magistrate Judge's chambers no later than August 21, 2024 to reschedule a mandatory settlement conference, as well as the pretrial deadlines and final pretrial conference, for this case.

**IT IS SO ORDERED**.

Dated: August 16, 2024

Hon. Anthony J. Battaglia
United States District Judge